## Case No. 17,847.

### WILSON v. WATSON.

[Pet. C. C. 269.] [1]

Circuit Court, D. Pennsylvania. April Term, 1816.

SCIRE FACIAS AGAINST EXECUTOR — REVIVOR OF JUDGMENT—AUDITA QUERELA—SALE OF LANDS FOR DEBTS.

1. To a scire facias against an executor, to revive a judgment obtained against his testator, the defendant cannot plead that there are terre tenants whose lands are also bound by the judgment, so as to oblige the plaintiff to sue out a scire facias against them.

2. The proper remedy, for persons aggrieved by proceedings under such a judgment, is an audita querela, or by obtaining a rule of court, to stay proceedings.

3. The court in such a case will, if necessary, direct an issue to ascertain the facts.

4. Lands in Pennsylvania are liable to debts, in the same manner as chattels.

5. Practice and proceedings, under the laws of Pennsylvania, to sell the lands of a deceased person for the payment of debts.

6. Practice and proceedings, under the laws of England, where lands are taken in execution for the payment of debts.

This was scire facias against the defendant, one of the executors of Susannah Rodney, who was executrix of Charles Hurst; to revive a judgment, recovered by the plaintiff against said Hurst, in his life time. See [Case No. 17,808]. The defendant, who was alone warned, appeared and filed a plea, in substance as follows: That the said Hurst, in his life time, and at the time the said judgment was rendered, was seized in his demesne as of fee, of divers lands, &c. within this state, and that he continued so seized, until after the rendering of the said judgment; but that, at different times afterwards, he, for a valuable consideration, conveyed the same to divers persons in fee; and the said lands, by force of said conveyances, and of divers mesne assignments thereof, or by descent or other operation of law, have come to the possession of divers persons; who, or whose heirs or assigns, are now seized in fee respectively, viz.: to the possession of Miers Fisher; and so enumerating other persons; and perhaps to divers other persons, purchasers as aforesaid, to the defendant unknown; and the defendant, protesting that goods, &c. which were of the said Hurst at the time of his death, came to the hands of the said Susannah Rodney, whereby the said judgment might be satisfied; and that no goods which were of the said Susannah Rodney, at the time of her death came to the hands of the defendant; and that the only assets or funds, whereby the said judgment can be satisfied, are the said lands, &c., whereof the said Hurst, at the time of the said judgment, was seized, and which, by the said conveyances, became vested as aforesaid, in the said persons, before named; who,

---

[1] [Reported by Richard Peters, Jr., Esq.]

or some, or one of whom now being seized of the said lands, may have some good and sufficient cause to assign, why the said debt should not be levied of the said lands, &c.; and because the said terre tenants are not commanded to be warned, or summoned to show cause, &c.; the defendant prays judgment of the writ, and that it may be quashed. To this plea the plaintiff put in a general demurrer.

In support of the demurrer, it was contended: First, that the plea is bad in substance, there being no necessity for a scire facias against terre tenants, by the law or practice of Pennsylvania. Second, that this plea is bad in form, as it does not even profess to name the terre tenants but states, that perhaps there are others. Third, it does not state, that no goods of Charles Hurst, came to the defendant's hands; and for aught that appears, the defendant may have received sufficient personal assets to pay this judgment. Upon the first point was cited 2 Bin. 218. Upon the form of the plea, Chit. Pl. 454, 441, 445, 443; 1 Saund. 291; 2 Ld. Raym. 1015; 1 Ld. Raym. 337; 2 Salk. 194; 3 Term R. 186; 2 Saund. 210, notes.

On the other side, on the first point were cited, 3 Coke, 12; Herbert's Case, 2 Fitzh. Nat. Brev. (Ed. 1794) 265, 266; 2 Saund. 6 et seq. A scire facias may go against the terre tenants generally, or they may be named; and the first form is best; note 10. 1 Smith, Laws Pa. 8. As to the objections to the plea they were said to be merely formal, and not to be taken advantage of on a general demurrer. 1 Chit. Pl. 647.

In answer to the argument, that there was not a special demurrer, the plaintiff's counsel contended, that a special demurrer is not necessary to a plea in abatement. 1 Chit. Pl. 454, 443.

WASHINGTON, Circuit Justice. The principal objection made to this plea, is, that the lands of Hurst, being subject to execution for payment of debts, equally with the chattels; the plaintiff is not bound to join the terre tenants with the executor, in the scire facias to revive the judgment obtained against the testator; and therefore he cannot be compelled by plea to do so. The defendant's counsel have endeavoured to support the plea, by reference to English authorities. But the laws of England upon this subject, differ so widely from those of this state, that it is impossible for one to throw much light upon the other; there is no analogy between them. In England, lands are not liable to be sold in execution, except leasehold interests. If the debtor die after judgment, and the plaintiff means to proceed against the land, in order to extend it, he must take out a scire facias against the heir, or against him and the terre tenants, either generally, or name them in the writ. If all the terre tenants are not warned, those who are, may appear and plead this fact, in delay of execution; naming in the

plea, the persons so omitted; and the plaintiff must, if the plea be true in fact, take out another scire facias against the persons so named; and until they are warned, the proceedings will be stayed. The reason of this is, that the terre tenants who are warned, have a right to the aid of the others, to have contribution by an extent equally, of all the lands of the debtor, which are bound by the judgment.

In Pennsylvania, lands may be seized under a fieri facias, as chattels, and sold under the writ of venditioni exponas. If the defendant in the judgment die, the judgment may be revived by scire facias against the executor, and the lands of the testator may be taken in execution, and sold, if there be a deficiency of personal assets; and even without such execution, the executor may obtain an order of the orphans' court, to sell as much of the testator's lands, as may be necessary for the payment of his debts. Since then lands may be seized and sold in this state, under a judgment originally obtained or revived, against an executor; it is in vain to look into English cases for precedents, when according to the English law, the land cannot be touched, unless a judgment be first obtained against the terre tenants. Nevertheless, we may derive much information from an attentive examination of the English practice, and a correct understanding of the principles on which it is founded.

According to the law of England, in cases of judgment and recognizances, the lands of the defendant or conusor, such as he may have aliened subsequent to the recognizance or judgment, may be extended under the elegit, without the necessity of a scire facias against the alienees. I take the reason to be, that the judgment or recognizance charges the defendant or conusor, personally, and there being no change of the person against whom the execution is to issue, no scire facias is necessary. And even if a scire facias should be rendered necessary, in consequence of a year and a day having passed, still the law would be the same as to the alienees; for the writ in this case, is not to charge new parties, but merely to enable the defendant or conusor to show, that the debt has been paid or otherwise satisfied or discharged. But, although the plaintiff or conusee, need not sue out a scire facias against the alienees in this case, they are not without remedy. For, since it would be unreasonable, that the judgment or recognizance which charged all the lands equally, in the possession of the debtor, should be borne by a part of the purchasers only; they may compel the plaintiff or conusee, to sue out execution of all the lands; and as they had no day in court, they may relieve themselves by audita querela. But upon the death of the debtor or conusor, a scire facias must issue; not merely to revive, but to charge persons not parties to the judgment; and who of course have a legal right, by the rules of the common law, and upon

the immutable principles of justice, to be heard in court before they can be charged. If the plaintiff or conusee means to charge the land, he must sue out a scire facias against the heir, or the heir and terre tenants, if there be any; and thus, having a day in court, and opportunity to be heard, if they fail to avail themselves of it, by a proper plea, to bring in those who are bound to contribute, they cannot be afterwards relieved by audita querela.

Thus stands the practice in the English courts. Let the principles upon which it is founded, be now applied to the laws of this state, in relation to executions. Here the lands of the debtor, as well as his personal estate, may be taken in execution and sold, under a judgment against his executor. Lands are chattels for the payment of debts, and although they do not pass into the hands of the executor, in the same way that chattels do, they are nevertheless liable to be seized and sold, in like manner as if they had. In relation to creditors, the executor stands in the same situation as the testator. He alone is to be charged, and consequently, he is the only person against whom the judgment is to be revived. Because the real estate in the possession of the terre tenants may, under the judgment, be taken in execution; it no more follows, that a scire facias must issue against the terre tenants, than if the execution had gone against the testator; in which case, it has been shown, that no scire facias is necessary, although their lands may be extended; and if in that case, the terre tenants can relieve themselves in no other way than by audita querela, it follows, that the remedy should be the same in this, the reason being precisely the same.

That this is considered by the courts of Pennsylvania, as the correct mode of proceeding, is strongly to be inferred, from the two cases which were cited, of Young v. Taylor, 2 Bin. 218, and Graff v. Smith, 1 Dall. [1 U. S.] 481. In the former, one of the questions was, whether upon a judgment against Taylor, he being then in life, a scire facias ought not to have issued against the terre tenants? The court decided, that such process was unnecessary, and such would have been the decision according to the English law. In the other case, where the judgment was obtained against the administrator of the debtor; the question came before the court, upon a rule obtained by the purchaser from one of the heirs of the debtor, to show cause, why the sheriff should not be directed to postpone the sale of his lands, which had been taken under the execution, until all the lands remaining unsold in the hands of the other children, should be sold by virtue of the execution. The court suggested no objection to this mode of proceeding, which it would have been proper to do, if a scire facias was the proper remedy; on the contrary, the doctrine of contribution among the heirs and terre tenants, was fully gone into and decid-

ed, upon this rule, and the law and practice of this state, in relation to executions against land, was laid down as I have before stated it.

Upon the whole I am of opinion, that under the laws relative to executions, in this state, the plaintiff is under no necessity to sue out a scire facias against the heirs and terre tenants of the debtor, in order to charge the lands of which they are seized; and that the proper remedy for those persons, where they may be aggrieved, by an execution levied upon their lands, is by audita querela; or more properly, by obtaining a rule of court to show cause. In this way, every relief to which the parties are entitled may be afforded: should an issue be necessary, the court may direct it. It is unnecessary to give any opinion, in relation to the various objections to the plea; it is sufficient, that it is no answer to the writ; and if it were, still I should feel no hesitation in saying, that it is no part of the executor's business to take care of the terre tenants' interest, and to delay the plaintiff, because it is possible they may be injured. Let those persons take care of themselves, and pursue such remedy as the law may allow, if it is their wish to do so. As for the executor, he wants not the co-operation of the terre tenants to assist him in making his defence, nor does he require, from them, contribution: let him look to his administration of the personal estate, and the proceeds of the real estate, so far as he has been authorized to sell it; and plead, so as to discharge himself from personal responsibility. The demurrer is adjudged good, and the defendant is ordered to answer over.

In answer to the argument, that this was not a special demurrer, the plaintiff's counsel contended, that a special demurrer is not necessary to a plea in abatement. 1 Chit. 454, 443.